S95Y0737. IN THE MATTER OF JOHN R. THOMPSON.
(463 SE2d 118)

PER CURIAM.

The State Bar of Georgia filed a petition for appointment of a special master under Bar Rule 4-106, after John R. Thompson entered a guilty plea and was sentenced in the United States District Court for the Southern District of Georgia, on one count of wilful failure to file an income tax return under 26 USC § 7203. The petition alleged that Thompson's guilty plea constituted a violation of Standard 66 of Bar Rule 4-102 (d), which may be punished by disbarment.

Thompson initially denied he was subject to disciplinary action, but subsequently filed a petition for voluntary discipline in which he admitted he engaged in conduct in violation of Standard 66 of Bar Rule 4-102 (d). He set forth certain matters in mitigation, and re-

quested that he be suspended from the practice of law for 120 days. The State Bar and special master agreed with his recommendation in light of the unusual factors involved.

Thompson breached his duties to the public, the most fundamental of which was his duty to maintain his personal integrity. The public expects lawyers to be honest and comply with the law and, as a lawyer, he had a duty to uphold the law.

Thompson's conduct, when considered under the factors to be considered under 3.0 of the ABA Standards for Imposing Lawyer Sanctions (1991), absent aggravating or mitigating circumstances, would allow disbarment. But, the special master found certain factors that could be considered in mitigation. The factors considered under ABA Standard 9.32 included: (1) the absence of a prior disciplinary record; (2) the personal and emotional problems involved (Thompson's mother-in-law and brother-in-law were brutally murdered, the murders and subsequent death penalty trial and appeal left Thompson and his family depressed); and, (3) Thompson's expression of remorse.

Because of the unique circumstances in this case, and the State Bar's agreement with the proposed discipline, the Court adopts the special master's recommendation and accepts John R. Thompson's petition for voluntary discipline. Thompson is hereby suspended from the practice of law for 120 days from the date of this opinion with the condition that he comply with his agreement to resign as Solicitor of the State Court of Emanuel County and never seek the office again.

Thompson is reminded to protect the interests of his clients and to that end he must comply fully with the requirements stated in Bar Rule 4-219 (c).

*Voluntary suspension accepted. All the Justices concur.*

DECIDED NOVEMBER 6, 1995.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.